Before: LEAVY, GRABER, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Appellants Joe Guerra and Raymundo Lujano appeal the Ninth Circuit Bankruptcy Appellate Panel's ("BAP") affirmance of the bankruptcy court's order sanctioning them for bad faith under the bankruptcy court's inherent authority. Reviewing the sanctions order for abuse of discretion, *Miller v. Cardinale (In re DeVille)*, 361 F.3d 539, 547 (9th Cir.2004), we affirm.

1. Appellants received appropriate notice and process, and the bankruptcy court did not violate their due process rights. The BAP correctly held that the sanctions here were civil in nature because they were compensatory. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1111 (9th Cir. 2005) ("It is well-established that compensatory fines are civil sanctions in the context of contempt proceedings.").

2. The BAP correctly held that Appellants failed to show prejudice from the alleged ex parte communication. *See Ludwig v. Astrue*, 681 F.3d 1047, 1055 (9th Cir.2012) (holding that prejudice must be shown from an ex parte communication). Given the nature of the communication at issue here, we reject Appellants' contention that the alleged ex parte communication required the bankruptcy judge to recuse himself. *See, e.g., Blixseth v. Yellowstone Mountain Club*, 742 F.3d 1215, 1219 (9th Cir.2014) (per curiam) ("While ex parte communications are discouraged, they ... don't necessarily call for recusal." (citation omitted)).

3. The bankruptcy court did not clearly err in either its "bad faith" determination or its findings concerning Curtis Guerra's role. *See Willms v. Sanderson*, 723 F.3d 1094, 1099 (9th Cir.2013) (holding that we review for clear error the bankruptcy court's factual findings).

4. Appellants waived their argument concerning the relevant factors that the bankruptcy court should have considered by failing to raise the argument before the bankruptcy court. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1063 n. 3 (9th Cir.2007) (holding that arguments not raised before the trial court are waived). Although the BAP declined review on the ground of waiver and Appellee raised the issue of waiver in his brief, Appellants did not address the issue. In these circumstances, we decline to exercise our discretion to reach the issue.

**AFFIRMED.**

In re: DIAMOND FOODS, INC. DERIVATIVE LITIGATION,

Dave Lucia, derivatively on behalf of Diamond Foods, Inc., Plaintiff–Appellant,

v.

Michael J. Mendes; Steven M. Neil; Laurence M. Baer; Edward A. Blechschmidt; John J. Gilbert; Robert M. Lea; Glen C. Warren, Jr.;

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Richard G. Wolford; Robert J. Zollars; Estate of Joseph P. Silveira; Dennis Mussell; Deloitte & Touche LLP, Defendants–Appellees.

No. 12–16299.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12, 2014.

Filed May 19, 2014.

Francis A. Bottini, Jr., Esquire, Albert Y. Chang, Esquire, Bottini & Bottini, Inc., La Jolla, CA, Keith Michael Cochran, Chapin Fitzgerald LLP, San Diego, CA, for Plaintiff–Appellant.

Sara Beth Brody, Naomi A. Igra, Esquire, Robert B. Martin, III, Sidley Austin, LLP, Michael J. Shepard, Hogan Lovells U.S. LLP, Ethan Douglas Dettmer, Esquire, Joseph Craig Hansen, Gibson, Dunn & Crutcher LLP, Steven Andrew Hong, James N. Kramer, Senior Litigation, Orrick Herrington & Sutcliffe LLP, Jonathan Gaskin, Esquire, Kaufhold Gaskin LLP, Steven Kaufhold, Akin Gump Strauss Hauer & Feld LLP, Dale Eugene Barnes, Jr., Esquire, Elisa M. Cervantes, Anne Kaldor Sauro, Bingham Mccutchen LLP, Dean S. Kristy, Esquire, Jennifer Corinne Bretan, Fenwick & West Llp, San Francisco, CA, Norman Jeffrey Blears, Esquire, Sidley Austin LLP, Maren Jessica Clouse, Esquire, Michael J. Shepard, Hogan Lovells U.S. LLP, Paul Jeffrey Collins, Esquire, Steven J. Johnson, Esquire, Gibson, Dunn & Crutcher LLP, Palo Alto, CA, Jonathan C. Dickey, Esquire, George A. Schieren, Esquire, Gibson, Dunn & Crutcher LLP, New York, NY, Sean M. Gaffney, Esquire, S. Todd Neal, Sean Michael Sullivan, Procopio, Cory, Hargreaves & Savitch LLP, San Diego, CA, for Defendants–Appellees.

Before: D.W. NELSON, McKEOWN, and M. SMITH, Circuit Judges.

MEMORANDUM *

Dave Lucia appeals from the district court's judgment dismissing this shareholder derivative suit for lack of subject matter jurisdiction and denying leave to amend the First Amended Complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291 and adopt the well-reasoned decision of the district court.

The parties' requests for judicial notice are granted.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.